IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Minh Chau,**<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>**Domingo Uribe, Jr., Warden,**<br><br>　　　　　　　　　　　Respondent. | Case No. 11cv136 AJB (PCL)<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>**(Doc. No. 2.)** |

## I. INTRODUCTION

Petitioner Minh Chau has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Before the Court is Petitioner's motion to stay proceedings and hold the petition in abeyance pending the exhaustion of four claims in state court. (Doc. No. 2.) Respondent does not oppose the Motion. (Doc. No. 5.)  For the following reasons, the Motion to Stay is GRANTED.

## II. PROCEDURAL HISTORY

Petitioner was convicted of attempted murder, assault, and burglary by a jury and was sentenced on November 11, 2007 to a life term on the attempted murder count and to a 25-to-life term on a firearm enhancement. (Doc. No. 2, at 2.) On August 7, 2009, the California Court of Appeal affirmed his conviction and sentence. (Id.) The California Supreme Court denied Petitioner's timely appeal on October 28, 2009. (Id.)

Petitioner filed a state habeas petition in the California Supreme Court on January 19, 2011. (Doc. No. 2, at 2.) A few days later on January 24, 2011, Petitioner filed a petition for habeas corpus relief in federal court. (Doc. No. 1.) On that same day, Petitioner filed a Motion to Stay his federal habeas petition so that he could exhaust additional claims in state court. (Doc. No. 2.)

III. DISCUSSION

District courts have discretion to stay a federal habeas corpus proceeding and hold a mixed petition in abeyance while a petitioner presents unexhausted claims for relief in state court. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances," and should be granted where: (1) "the petitioner had good cause for failure to exhaust;" (2) "his unexhausted claims are potentially meritorious and not plainly meritless;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Here, the Court finds that Petitioner has met the requirements for granting a stay in proceedings. Petitioner has not engaged in dilatory tactics as both the federal and state habeas corpus petitions were filed within two months of discovering new facts upon which the unexhausted claims are based. (Doc. No. 2, at 8.) Petitioner also has good cause for prematurely filing his habeas petition in federal court as only eight days remain before the expiration of the statute of limitations under 28 U.S.C. § 2244(d)(1) occurs in his case. Furthermore, Petitioner's claims of ineffective assistance of counsel, instructional error and a right-to-counsel violation are potentially meritorious under federal habeas law.

IV. CONCLUSION

For the reasons stated above, the Court GRANTS Petitioner's motion to stay. The Petition will be held in abeyance pending resolution of the Petitioner's habeas corpus petition in state court.

IT IS SO ORDERED.

DATE: April 19, 2011

U.S. Magistrate Judge
United States District Court

cc:     The Honorable Battaglia
        All Parties and Counsel of Record